Mark C. Phares
Ada C. Montague
Special Assistant Attorneys General
State of Montana Department of Natural Resources and Conservation
PO Box 201601
Helena, MT 59620-1601
(406) 542-4217; (406) 444-1451
mphares@mt.gov,
amontague@mt.gov
*Counsel for Montana Department of Natural Resources and Conservation*

Melissa Schlichting
Deputy Attorney General
Montana Department of Justice
PO Box 201401
Helena, MT 59620-1401
(406) 444-2026,
MSchlichting@mt.gov
*Counsel for State of Montana Attorney General*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| NATIVE ECOSYSTEM COUNCIL, and ALLIANCE FOR THE WILD ROCKIES, <br><br> Plaintiffs, <br><br> vs. <br><br> LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service, TONY TOOKE, Chief of the United States FOREST SERVICE, an agency of the Department of Agriculture, and WILLIAM AVEY, Helena-Lewis & Clark National Forest Supervisor, <br><br> Defendants. | **CV 17-153-M-DWM** <br><br><br> **STATE OF MONTANA'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |

## I. INTRODUCTION

The Montana Department of Natural Resources and Conservation (DNRC) and the State of Montana Attorney General (Attorney General) (collectively "State") hereby file their *Motion for Leave to File Amicus Curiae Brief* (Motion).

This case concerns the validity of the United States Department of Agriculture Forest Service (USFS) review and authorization of the Moose Creek Vegetation Project (Project), and the May 20, 2014, landscape-scale insect and disease designations for Montana under Section 8204 of the Farm Bill (P.L. 113-79, Title VIII, § 8204, Feb. 7, 2014), which amended Section 602(d) of the Healthy Forest Restoration Act (HFRA) of 2003. 16 U.S.C. § 6591a. In their Complaint, Plaintiffs seek declaratory and injunctive relief. The State desires to fully explain the potential consequences of an injunction to the State and its management of wildfire-prone areas across Montana.

An Amicus Brief is desirable and relevant in this matter because the State has broad mandates to: promote forest health; minimize wildland fire danger; provide wildland fire suppression; and, protect watersheds from insect and disease infestation and fire. The Project falls squarely within these statutory mandates. In addition, the Attorney General has Montana Constitutional and common law authority to intervene in all suits or proceedings which are of concern to the public,

including those affecting forestry resources in the State. *See* Mont. Code Ann. § 76-13-154.

The USFS and United States Department of Agriculture (USDA) cannot adequately represent these broad, state-based interests that apply within the Project area, but that also reach beyond the implicated federal borders.

Counsel for Plaintiffs, Thomas Woodbury, has informed counsel for the State that Plaintiffs do not object to this Motion. Counsel for the United States, Tyler M. Alexander, has informed counsel for the State that the United States does not object to this Motion.

## II. AMICI INTEREST IN THIS MATTER

### 1. The State of Montana's General Interest

The State has a broad mandate to promote forest health, minimize wildland fire danger, provide wildland fire suppression and protect watersheds and forests from fire, and insect and disease infestation. *See* Mont. Code Ann. § 76-13-701(2) ("The legislature finds that public forests in Montana should be sustainably managed to maintain biodiversity, productivity, regeneration capacity, vitality, and potential to fulfill relevant ecological, economic, and social functions."). Under Montana's Forests in Focus Initiative,[1] the State actively supports forest restoration projects across multiple agencies and ownerships to help further that mandate.

---

[1] A more detailed description of this Initiative can be found at the following hyperlink: http://dnrc.mt.gov/divisions/forestry/forestry-assistance/forest-in-focus

Accomplishing interagency cooperation for healthy forest management is also supported by the Montana legislature. In 2013, legislation passed directing the DNRC to advocate for federal legislation to establish a good neighbor policy to allow cooperative agreements with federal land management agencies "to provide watershed restoration and protection services on federal land," and that that those protection services would include authority to treat insect-infested trees and reduce fuel hazards. Mont. Code Ann. § 76-13-702. Additionally, under the Healthy Forest Initiative, the State supports retention of the forest products industry to accomplish management of Montana's forests.

Stand conditions in the Project area are dominated by lodgepole pine and Douglas-fir that are experiencing mortality from mountain pine beetle, lodgepole pine dwarf mistletoe, western spruce budworm, and Douglas-fir beetle. USFS Decision Memo, "Moose Creek Vegetation Project" (February 27, 2017). Areas within and adjacent to the project area are estimated to be susceptible to further insect activity, and are estimated to support a severe and widespread mountain pine beetle attack. *Id.* at 3.

The Project area is in the Little Belt Mountains in Townships 12 and 13 North, Ranges 6, 7, and 8 East, Montana Principal Meridian, about 16 miles north of White Sulphur Springs in Meagher County. Past insect activity has increased wildfire risk to area residences and infrastructure, and further insect activity would

exacerbate the current risk. *Id*. at 4-6. The Project as proposed is consistent with the DNRC's duty to protect the forests and watersheds of Montana, and to restore those watersheds most affected by insect pests and tree diseases that are also critical to water supplies. *See* Mont. Code Ann. § 76-13-301; -702(6).

### 2. The State of Montana's Legal Interest

#### A. The Department of Natural Resources and Conservation

The DNRC has an independent duty under Montana law to protect forest resources, watersheds, and Montana citizens from fire hazards. *See* Mont. Code Ann. § 76-13-104. This duty to Montana citizens is provided by the Project's outcome, and its projected benefits to reduce the existing fire hazard in and around the Project area.

Pursuant to Mont. Code Ann. § 76-13-104(1)(a), the DNRC is required to "ensure the protection of land under state and private ownership and to suppress wildfires on land under state and private ownership." The DNRC expends millions of dollars each year in wildland fire suppression. The DNRC is also required to cooperate with all public and other agencies in the development, protection, and conservation of the forest, range and water resources of the state. *Id*; see also Mont. Code Ann. § 76-13-104(5). Since the 2007 Montana Legislature's passage of its "State Fire Policy," there has been a clear and critical public-safety and risk-reduction priority "to minimize property and resource loss resulting from wildfire,"

to maintain "sound forest management activities to reduce fire risk, such as thinning, prescribed burning, and insect and disease treatments, improve the overall diversity and vigor of forested landscapes and improve the condition of related water, wildlife, recreation, and aesthetic resources," and to develop "fire protection guidelines for the wildland-urban interface . . . ." *See* Mont. Code Ann. § 76-13-115.

The DNRC cooperates with federal agencies in wildland fire suppression on federal lands through the Northern Rockies Coordinating Group. http://www.fs.fed.us/r1/fire/nrcg/about_index.htm; see also Mont. Code Ann. § 76-13-202. Federal lands do not exist in isolation, but are surrounded by State, private, and other public lands. Land management on one tract affects the management of others, particularly in the context of wildland fire suppression.

The DNRC must work cooperatively with all forest resource entities to meet legislative goals and priorities. One step to protect the forest resource, improve public safety, and reduce risk and loss, is for the State, through the DNRC, to represent the State's interest in the federal forest management planning, policy, and development process, by, for example, directly investing state fire suppression dollars into projects on National Forest System Lands such as the Project. See Mont. Code Ann. § 76-13-702. Reduction of dangerous fuels from diseased and dead stands, particularly where fuel stands are near homes and other structures, is a

critical aspect of protecting private and state property in Montana and in ensuring the safety of its citizens. See Mont. Code Ann. § 76-13-145 (with respect to the "wildland-urban interface").

Protection of watersheds from the devastation that may result from insect and disease infestation, and from the resulting increase in fire severity is also a statutory charge for the DNRC. Mont. Code Ann. § 76-13-301, -421, -701.

The State's duties relative to fire protection and suppression are distinct from the interests of the United States, and are best represented by the Attorney General and the DNRC jointly, in a separate Amicus Brief, to assist this Court in its review of the matters before it.

### B. Interest of the Montana Attorney General

Montana's Constitution provides that "[t]he attorney general is the legal officer of the state and shall have the duties and powers provided by law." Mont. Const. art. VI, § 4(4). Pursuant to this authority, the Attorney General controls and manages all litigation on behalf of the state, and may intervene in all suits or proceedings which are of concern to the general public. *State ex rel. Olsen v. Public Service Comm'n,* 129 Mont. 106, 115, 283 P.2d 594 (1955). The Attorney General has both the right and the responsibility to promote the interest of all the citizens of the state, and represent the state in all litigation of a public character. *Id.* Those public interests in the present case are vast, including the economic

benefits related to timber harvest, wildlife habitat protection, reduction of the wildland fire risk in the Wildland Urban Interface (WUI), and overall forest health.

In addition, the Attorney General's interest in seeking leave to, along with DNRC, file an Amicus Brief in this matter is supported and encouraged by the Montana Legislature. In 2013, The Montana Legislature passed, and the Governor signed, Senate Bill 201, intended to correlate sound federal forest management with Montana's constitutional right to a clean and healthful environment. The Bill sustained the Attorney General's existing authority to intervene in federal forest management cases on behalf of the State. See Mont. Code Ann. § 76-13-154(1) ("The attorney general has the authority to intervene in litigation or appeals on federal forest management projects"). This legislation passed with unanimous votes in the Montana House and Senate, thus clearly signaling the state government's interest in having active State involvement in federal forest management litigation that affects public health, safety, forest health and Montana's economy.

## III. AMICUS CURIAE BRIEF IS DESIRABLE AND RELEVANT

The State interests include, yet go far beyond, the boundaries of the Project. While the Federal defendants are interested in the impacts to the Lewis and Clark National Forest, the State is interested in the critical role the Project serves in improving forest health in the State, cultivating watersheds that can serve the wide

variety of ecosystem and water user needs, mitigating wildland- fire suppression costs, and mitigating wildland-fire danger. In addition, the Project was a culmination of public participation and planning; and the State adds the perspective of one of the Project's many cooperators. The State's involvement in federal forest management - along with both the knowledge and the expertise regarding forest resources and fire suppression – may be helpful to the Court in determining whether the Project should be enjoined, or if the risks are too great, given the information presented by Plaintiffs. Notwithstanding the Project's outcome being supported by State laws, the State will provide a unique perspective on the Project's impacts beyond the borders of the Helena-Lewis and Clark National Forest, thereby allowing this Court to render a more fully-informed analysis.

## IV. TIMING OF AMICUS CURIAE BRIEF

The State represents that it will comply with the Court's filing deadline (Doc.7) with respect to the Federal Defendants' reply in support of their cross-motion for summary judgment and file its Amicus Brief on or before July 13, 2018, and will limit its brief to 3,500 words or ten pages, whichever is less, exclusive of any attachments.

## V. CONCLUSION

For the reasons stated above, the State respectfully requests that this Court grant its Unopposed Motion for Leave to File Amicus Curiae Brief in this matter.

Respectfully submitted this 16th day of May 2018.

By _____
Mark C. Phares
Ada C. Montague
Special Assistant Attorneys General
Montana Department of Natural
Resources and Conservation

By _____
Melissa Schlichting
Deputy Attorney General
Montana Attorney General's Office

Counsel for proposed *Amici Curiae*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

I certify that this brief contains 1,781 words, exclusive of caption and certificates of service and compliance.

By _____
Mark C. Phares
Ada C. Montague
Special Assistant Attorneys General
Montana Department of Natural
Resources and Conservation

## **CERTIFICATE OF SERVICE**

I certify that on May____, 2018, I filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana. Participants in the case, identified below, who are registered cm/ecf users will be served by the cm/ecf system. Participants in this case who are not registered cm/ecf users will be served via U.S. mail, postage prepaid.

| | |
|---|---|
| THOMAS J. WOODBURY<br>Forest Defense, P.C.<br>917 N. 7th Street, Suite One<br>Boise, ID 83702<br>(650) 238-8759<br>tom@wildlandsdefense.org | TYLER M. ALEXANDER<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Natural Resources Section<br>(202) 305-0238<br>tyler.alexander@usdoj.gov |

_/s/ signature_