IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

NATIVE ECOSYSTEM COUNCIL, and ALLIANCE FOR THE WILD ROCKIES,

  Plaintiffs,

vs.

LEANNE MARTEN, et. al,

  Defendants,

and

MONTANA WOOD PRODUCTS ASSOCIATION, a Montana Corporation, MONTANA LOGGING ASSOCIATION, a Montana Corporation, and MEAGHER COUNTY, a political subdivision of the State of Montana,

  Defendant-Intervenors.

CV 17-153-M-DWM

ORDER

In October 2017, Plaintiffs Native Ecosystems Council and Alliance for the Wild Rockies (collectively "Plaintiffs") sued the United State Forest Service and related individuals and entities (collectively "Forest Service"), challenging their authorization of the Moose Creek Vegetation Project and the May 20, 2014

1

landscape-scale insect and disease designations for Montana under Section 602(d) of the Healthy Forest Restoration Act of 2003 (referred to as the Farm Bill categorical exclusion). Montana Wood Products Association, Montana Logging Association, and Meagher County (collectively "Proposed Defendant-Intervenors") seek to intervene. (Doc. 14.) Although Plaintiffs indicated opposition to the motion, (*see* Doc. 14 at 2), they did not file a responsive brief. *See* L.R. 7.1(d)(1)(B)(ii) ("[F]ailure to file a response brief may be deemed an admission that the motion is well-taken."). The motion is granted.

An applicant seeking to intervene as a matter of right under Rule 24(a)(2) must meet four requirements: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). These requirements are interpreted broadly in favor of intervention. *Id.*

### A. Timeliness

In determining whether a motion is timely, three factors are weighed: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason

for the length of any delay. *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). Here, while the Court has not made any substantive rulings in the case, Proposed Defendant-Intervenors did not file their request until seven months after the complaint was filed, (*see* Doc. 1 (dated Oct. 20, 2017)), on the same day substantive briefing began, (*see* Doc. 11 (dated May 4, 2018)). However, Proposed Defendant-Intervenors state that they "will work with the existing briefing schedule and do not anticipate seeking discovery or separately supplementing the administrative record." (Doc. 15 at 7.) Given the stage in the case, prejudice is possible, but can be avoided. Proposed Defendant-Intervenors will only be permitted to file a substantive opening brief and reply brief. They will not be permitted to file any discovery motions or motions to dismiss.

**B.     Interests**

An applicant must establish its interest "is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." *Wilderness Socy. v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011) (quoting *Sierra Club v. U.S. Envtl. Protec. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993)). A putative intervenor's ability to protect that interest is impaired or impeded "if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)).

Meagher County has established a number of interests in both the Moose Creek Project and the Farm Bill categorical exclusion. In his declaration, County Commissioner Rod Brewer identifies active forest management focusing on wildfire concerns and fuel management as being of primary concern to the County. (*See* Doc. 14-4 at 3-4.) Mr. Brewer also indicates that the County has been involved in the administrative process related to the Project. (*Id.* at 5.) These interests are legally protected and an injunction against the Project, or the Farm Bill categorical exclusion, would impact them.

The logging associations have also established legally protected interests at issue, including their collaborative work with the Forest Service and the potential "source of contracts, employment, and income for . . . members" these types of projects provide. (Doc. 14-2 at 4; Doc. 14-3 at 6.) Although timber contracts have not yet been awarded, the logging organizations have "a broader interest in any litigation that might impede [their] ability to obtain timber from federal lands in the future." *Ctr. for Biological Diversity v. Gould*, 2015 WL 6951295, at *2 (E.D. Cal. Nov. 10, 2015).

### C. Impairment of Interest

Determination of this matter could substantially impact Meagher County and those whose interests are represented by the logging associations. If Plaintiffs prevail in challenging the Moose Creek Project, prevention of future logging could

increase fire risk and decrease forest health by allowing further spread of insect and disease infestation. (Doc. 14-3 at 6.) On a broader scale, if Plaintiffs are successful in challenging the Farm Bill categorical exclusion, it will also affect future contracts and employment for members of the logging associations. (*See* Doc. 14-2 at 5.)

### D. No Adequate Representation

Finally, Proposed Defendant-Intervenors have met their burden of showing inadequacy of representation. "The burden of showing inadequacy of representation is 'minimal' and may be satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Because the Forest Service and Proposed Defendant-Intervenors share the same ultimate objective —i.e., upholding the Forest Service's regulatory decisions—there is a presumption of adequate representation. *Id.* Nevertheless, "the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'" *Id.* at 899 (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)).

Here, while both the Forest Service and Proposed Defendant-Intervenors seek to defend the regulatory process that was followed in this case, their ultimate

5

goals are different. The Forest Service is bound to follow the proper regulatory process even if the Project does not proceed or proceeds in a way contrary to Proposed Defendant-Intervenors' goals, rebutting the presumption of adequate representation. Additionally, all three Proposed Defendant-Intervenors have an economic interest in the Farm Bill categorical exclusion, and Meagher County has specific economic interests in the Moose Creek Project. The County also has an interest in tourism and local use of the forest not shared by the Forest Service. (*See* Doc. 14-4 at 3, 5.) Because of these distinct interests, it has not been shown that the existing parties can or will make all of the Proposed Defendant-Intervenors' arguments.

## Conclusion

Proposed Defendant-Intervenors satisfy the requirements for intervention as a matter of right.[1] Accordingly, IT IS ORDERED that their motion to intervene (Doc. 14) is GRANTED. Defendant-Intervenors shall re-file their answer. The caption is modified as reflected above.

IT IS FURTHER ORDERED that given the advanced stage of the proceedings, Defendant-Intervenors may only file an opening brief for their cross-

---

[1] Because Defendant-Intervenors can intervene as a matter of right, their arguments for permissive intervention, *see* Fed. R. Civ. P. 24(b), and amicus status, L.R. 7.5, are not addressed.

motion for summary judgment (limited to 6,500 words) on or before June 8, 2018 and reply brief (limited to 3,250 words) on or before July 13, 2018. No other filings are permitted without leave of Court. The briefing schedule remains in full force and effect in all other respects. (*See* Doc. 7.)

DATED this 24th day of May, 2018.

Donald W. Molloy, District Judge
United States District Court