
FILED
JUL 11 2019
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| NATIVE ECOSYSTEM COUNCIL, and ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs,<br><br>vs.<br><br>LEANNE MARTEN, et al.,<br><br>Defendants,<br><br>and<br><br>MONTANA WOOD PRODUCTS ASSOCIATION, et al.,<br><br>Defendant-Intervenors. | CV 17–153–M–DWM<br><br>ORDER |

Plaintiffs Native Ecosystems Council and Alliance for the Wild Rockies (collectively "Native Ecosystems") seek an injunction pending appeal of the Moose Creek Vegetation Project (the "Project"). (Doc. 47.) That motion is denied.

**LEGAL STANDARD**

A motion for an injunction pending appeal is considered under the same standard as a motion for a preliminary injunction. *See Tribal Vill. of Akutan v.*

1

*Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). A party seeking an injunction must show (1) a likelihood of success on the merits, (2) it is likely to suffer irreparable harm, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The last two factors merge when the federal government is the opposing party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). A party seeking an injunction "must establish that irreparable harm is *likely,* not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The other factors are then assessed on a sliding scale. *Id.* at 1135. For example, when the "balance of hardships tips sharply in the plaintiff's favor," an injunction may issue on a showing of "serious questions going to the merits." *Id.*

## ANALYSIS

Native Ecosystems challenged two decisions of the United States Forest Service ("Forest Service"): (1) the designation of approximately five million acres in Montana pursuant to the 2014 Farm Bill Amendment to the Healthy Forests Restoration Act ("HFRA") and (2) approval of the Project via categorical exclusion under the National Environmental Policy Act ("NEPA"). On November 19, 2018, this Court granted summary judgment in favor of the defendants, concluding that the Forest Service met its obligations under both HFRA and NEPA. (*See* Doc. 43.) Native Ecosystems relies almost entirely on its summary

2

judgment briefing to argue the present motion. (*See* Doc. 48.) As the Court more fully explained in its previous order, (*see* Doc. 43), those arguments are without merit.

I.   **Likelihood of Success**

Native Ecosystems has limited its merits argument here to the dispute over whether the Forest Service's interpretation of the Lewis and Clark National Forest Plan's old growth standard is arbitrary and capricious. Projects approved under HFRA must be carried out in a manner that "maximizes the retention of old-growth and large trees, as appropriate for the forest type, to the extent that the trees promote stands that are resilient to insects and disease." 16 U.S.C. § 6591b(b)(1)(A). Here, the Forest Plan includes the following old growth forest objective: "A minimum of 5 percent of the commercial forest land within a timber compartment should be maintained in an old growth forest condition. A minimum stand size of 20 acres is recommended for old growth management." AR0019732. The Plan further explains that "[a] minimum stand size is recommended because in very small patch sizes, old growth cannot provide the environment needed for many species to function." *Id.*

As explained more fully in this Court's November 2018 Order, (*see* Doc. 43), Native Ecosystems fails to read HFRA in its entirety, ignoring the language limiting old growth retention "as appropriate for the forest type, to the extent that

3

the trees promote stands that are resilient to insects and disease." 16 U.S.C. § 6591b(b)(1)(A). The Forest Service has determined that this requirement is only met for stands of a certain size, consistent with the Forest Plan. That conclusion is entitled to deference. *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1129, 1236 (9th Cir. 2001). Accordingly, Native Ecosystems has not shown a likelihood of success, nor raised serious questions, as to the Project's compliance with HFRA.

## II. Irreparable Harm

Native Ecosystems makes no specific harm argument except to say that "old forested habitat, once logged, can not be replaced," (Doc. 48 at 5), and vaguely allege that "[r]oadwork has commenced, and logging is imminent," (Doc. 47 at 2). These opaque allegations are insufficient to meet its preliminary injunction burden.

## III. Balance of Equities and Public Interest

Native Ecosystems once again only makes a general allegation of public interest or equities: "The public interest in preserving what little old growth remains in the U.S. generally, and in the Helena National Forest and Moose Creek project area specifically, is reflected in [HFRA]'s mandate to maximize the extent of old growth." (Doc. 48 at 5.) It offers no other support for its position. Such conclusory statements do not sustain Native Ecosystems' burden here, even

4

considering that these factors merge when the federal government is the opposing party. *See Drakes Bay Oyster Co.*, 747 F.3d at 1092.

## CONCLUSION

Because Native Ecosystems has not made the requisite showings to obtain an injunction pending appeal, IT IS ORDERED that its motion (Doc. 47) is DENIED.

DATED this 11th day of July, 2019.

Donald W. Molloy, District Judge
United States District Court